UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRET LEE SMITH, | No. 2:12-cv-1765-EFB |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The parties' cross-motions for summary judgment are pending. For the reasons discussed below, plaintiff's motion is granted and the Commissioner's motion is denied.

I.  BACKGROUND

Plaintiff protectively filed an application for a period of disability and DIB on June 8, 2006, alleging that he had been disabled since December 29, 1998. Administrative Record ("AR") 276-278. Plaintiff's application was initially denied on November 8, 2006, and upon reconsideration on April 4, 2007. *Id.* at 182-185, 190-194. On August 19, 2008, a hearing was held before administrative law judge ("ALJ") William Thompson, Jr. *Id.* at 92-128. On

1

December 24, 2008, the ALJ issued a decision finding that plaintiff was not disabled. *Id*. at 159-181.  However, on August 3, 2009, the Appeals Council issued an order vacating the ALJ's decision and remanding the matter to the ALJ for further proceedings.  *Id*. at 230-234.

On August 14, 2010, a second hearing was held before the ALJ.  *Id.* at 129-152.  Plaintiff was represented by counsel at the hearings, at which he and a VE testified.  *Id*.  On July 15, 2010, the ALJ issued a decision again finding that plaintiff was not disabled under sections 216(i) and 223(d) of the Act.[1]  *Id.* at 40-85.  The ALJ made the following specific findings:

1. The claimant last met the insured status requirements of the Social Security Act on March 31, 2005.

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*.  Supplemental Security Income ("SSI") is paid to disabled persons with low income.  42 U.S.C. §§ 1382 *et seq*.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  *Yuckert*, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  *Id.*

2.  The claimant did not engaged in substantial gainful activity during the period from his alleged onset date of December 29, 1998 through his date last insured of March 31, 2005 (20 CFR 404.1571 *et seq.*).

3.  Through the date last insured, the claimant had the following severe impairments: status post right L5-S1 hemilaminotomy and discectomy; degenerative disk disease of the cervical spine; major depression; and obesity (20 CFR 404.1520(c)).

    * * *

4.  Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

    * * *

5.  After careful consideration of the entire record, I finds that, through the date last insured, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b).  The claimant can lift or carry up to 20 pounds occasionally, 10 pounds frequently.  He can stand and walk up to six hours, and sit up to six hours in an eight hour workday.  He should never be required to climb ladders, ropes or scaffolding, or work at heights or hazardous moving machinery.  He is limited to work involving simple instructions.

    * * *

6.  Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

    * * *

7.  The claimant was born on September, 1959 and was 45 years old, which is defined as a "younger individual age 18-49," on the date last insured (20 CFR 404.1563).

8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the dated [sic] last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have perform (20 CFR 404.1569 and 404.1569(a)).

\* \* \*

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from December 29, 1998, the alleged onset date, through March 31, 2005, the date last insured (20 CFR 404.1520(g)).

*Id.* at 42-85.

Plaintiff requested that the Appeals Council review the ALJ's decision, *id.* at 34, and on August 21, 2012, the Appeals Council denied review, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 15-18.

## II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## III. ANALYSIS

Plaintiff argues that the ALJ erred by (1) failing to account for his own finding that plaintiff had moderate mental limitations; (2) rejecting limitations assessed by plaintiff's

4

examining physician without providing legally sufficient reasons; (3) failing to follow the Appeals Council's remand instructions; (4) discounting the opinion of plaintiff's treating chiropractor without legally sufficient reasons; and (5) relying on the VE's testimony that did not accurately reflect plaintiff's limitations. ECF No. 17-1 at 11-27.

Plaintiff argues that the ALJ erred in assessing his RFC by failing to account for his own finding that plaintiff had moderate mental impairments. *Id*. at 11-16. At step three of the sequential evaluation process, the ALJ found that plaintiff's limitations did not satisfy any of the impairments listed in 20 C.F.R. § Part 404, Subpart P, Appendix 1. In making this determination, the ALJ found plaintiff had "moderate difficulties in maintaining social functioning and moderate difficulties in maintaining concentration, persistence and pace." AR 51. The ALJ's RFC determination, however, only found that plaintiff's mental impairments limited him to work involving simple instructions. *Id*. at 52. Plaintiff argues that the limitation to work involving simple instructions fails to account for the ALJ's finding that plaintiff has moderate limitations in social functioning and moderate difficulties with concentration, persistence, and pace. ECF No. 17-1 at 11-12.

Defendant first argues that, under the Ninth Circuit's holding in *Hoopai v. Astrue*, 499 F.3d 1071 (9th Cir. 2007), the ALJ was not required to include the moderate limitations assessed at the third step in evaluating plaintiff's RFC. Defendant's reliance on *Hoopai* is misplaced. In that case, the issue before the court was whether the ALJ's finding that plaintiff had severe mental impairments at step two precluded the ALJ from utilizing the grids at step five to find that the plaintiff was not disabled. The court held that "satisfaction of the step-two threshold requirement that a claimant prove her limitations are severe is not dispositive of the step-five determination of whether the non-exertional limitations are sufficiently severe such as to invalidate the ALJ's exclusive use of the grids without the assistance of a vocational expert." *Id*. at 1076. The court held that the ALJ was only "required to seek the assistance of a vocational expert when the non-exertional limitations are at a sufficient level of severity such as to make the grids inapplicable to the particular case." *Id*.

/////

*Hoopai* does not address the issue presented to this court—whether the ALJ was required to include his own finding of moderate limitations in his assessment of plaintiff's RFC. Accordingly, defendant's argument lacks merit.

Defendant also argues that the ALJ properly accounted for plaintiff's moderate limitations and concluded that plaintiff retained the mental capacity to perform work with simple instructions. ECF No. 23-1 at 8-10. In making this argument, defendant relies on the holding in *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008). In that case, the Ninth Circuit held that "an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, and pace where the assessment is consistent with restrictions identified in the medical testimony." *See id.* at 1174. The medical testimony relied upon by the ALJ in *Stubbs-Danielson* found that the plaintiff retained the ability to perform simple tasks notwithstanding some evidence that the plaintiff had deficiencies in pace. *Id*.

However, the Ninth Circuit has held, in an unpublished case, that *Stubbs-Danielson* is not applicable to cases where the evidence establishes that the plaintiff has restriction in concentration, persistence, or pace. *Brink v. Comm'r Soc. Sec. Admin.*, 343 Fed. App'x 211, 212 (9th Cir. 2009) ("The medical testimony in *Stubbs–Danielson*, however, did not establish any limitations in concentration, persistence, or pace. Here, in contrast, the medical evidence establishes, as the ALJ accepted, that Brink does have difficulties with concentration, persistence, or pace. *Stubbs-Danielson*, therefore, is inapposite.").

In the present case, the ALJ found that the evidence establishes that plaintiff has "moderate difficulties in maintaining social functioning and moderate difficulties in maintaining concentration, persistence and pace." AR 51. Accordingly, the ALJ's RFC assessment should have included limitations consistent with this finding. *See Lubin v. Comm'r Soc. Sec. Admin.*, 507 Fed. App'x 709, 712 (9th Cir. 2013) ("Although the ALJ found that Lubin suffered moderate difficulties in maintaining concentration, persistence, or pace, the ALJ erred by not including this limitation in the residual functional capacity determination or in the hypothetical question to the vocational expert." . . . "Limiting Lubin 'to one to three step tasks due to pain and prescription drug/marijuana use' did not capture the limitation in concentration, persistence, or pace found by

the ALJ."); *Juarez v. Colvin*, 2014 WL 1155408, *7 (C.D. Cal. March 20, 2014) (since the ALJ expressly found moderate limitations in concentration, persistence, and pace, "the ALJ's RFC determination should have included not only the limitation to unskilled work, but also a moderate limitation in maintaining concentration, persistence, and pace.").

The ALJ expressly found that plaintiff had moderate impairments in social function and maintaining concentration, persistence, and pace, but failed to account for his own findings in assessing plaintiff's RFC.  In light of the ALJ's own findings, the court cannot find that plaintiff's RFC is complete and therefore must remand the case for further consideration of plaintiff's RFC.[2]

IV.   CONCLUSION

The ALJ decision is not supported by substantial evidence and the record.  Therefore, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The matter is remanded for further consideration consistent with this opinion, and

4. The Clerk is directed to enter judgment in plaintiff's favor.

DATED: March 31, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Because the court finds that remand is necessary for further consideration of plaintiff's RFC, the court declines to address plaintiff's additional arguments.